IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DENICE RIGGINS, Administratrix of the
Estate of DAMION S. RIGGINS, Deceased and
Estate of Damion S. Riggins and Wrongful Death Beneficiaries
of Damion S. Riggins, Deceased                                            PLAINTIFF

V.                                          CIVIL ACTION NO. 4:14cv110-DMB-JMV

CITY OF INDIANOLA, MISSISSIPPI, ET AL.                                    DEFENDANTS

## ORDER ON MOTION TO SEAL

This matter is before the court on Defendants' unopposed Motion to Seal [33] pursuant to FRCP 5.2(d) and Local Rule 79: (1) the video from a jail surveillance camera recording the suicide death of Ramon Riggins occurring in a holding cell at the City of Indianola Police Department; (2) the investigative file of the Mississippi Bureau of Investigation arising therefrom; and (3) the case file of the District Attorney regarding the State's prosecution of the underlying burglary charge. As explained hereafter, the motion will be granted in part and denied in part as moot.

To the extent defendants seek an order to seal the MBI investigative file and the case file of the DA, the motion is denied as moot since motions to seal are not granted in the abstract. Instead, a motion to seal must relate to proof which a party proposes to file in the case and which absent such an order would then be available to the public for viewing on the court's docket. In this case, there is no pending proposal to file either the DA's case file or the MBI investigation report. There is, however, a pending motion for summary judgment [36] which incorporates, as a proposed exhibit thereto, the video at issue here. Regarding the unopposed request to seal the video as an exhibit to the aforesaid motion, the court finds the same well taken because the video reveals certain of the surveillance capabilities of the defendant jail, as well as information regarding layout and

construction of the jail facilities, and the jail's interest in maintaining the security of the facility outweighs the public's right to access to the information. The video shall remain sealed until further order of the court. The parties shall jointly approach the court regarding the sealed status of the video at the cessation of the case.

SO ORDERED this 2nd day of March, 2015.

/s/ Jane M. Virden
United States Magistrate Judge